**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SPARACINO PLLC,<br>1920 L Street, N.W., Suite 535<br>Washington, D.C. 20036,<br><br>                    Plaintiff,<br><br>           v.<br><br>U.S. DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Ave., N.W.<br>Washington, D.C. 20220,<br><br>                    Defendant. | Case No.: _____ |

**COMPLAINT FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT**

## INTRODUCTION

1. Plaintiff Sparacino PLLC represents hundreds of U.S. citizens who were injured (or whose relatives were killed or injured) by terrorist attacks in Iraq, including American military veterans and Gold Star families.  Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel the U.S. Department of the Treasury (the "Department") to produce records related to Jaysh al-Mahdi – the Iraqi terrorist group that harmed the American families that Plaintiff represents.

2. Plaintiff properly submitted two targeted requests for relevant Department records pursuant to FOIA and applicable Department regulations.

3. The Department's statutory deadline for making a determination concerning each request has expired, but the Department has neither produced any documents nor made a determination as to either request.  The Department's failure to act on Plaintiff's requests violates FOIA.

4. Plaintiff has constructively exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and now seeks judicial relief compelling the Department to promptly search for and produce the requested records, and enjoining any further improper withholding.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

6. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

7.\. Plaintiff Sparacino PLLC is a law firm with an office in Washington, D.C. Plaintiff submitted each of the FOIA requests identified in this Complaint.

8.\. Defendant U.S. Department of the Treasury is an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Department is believed to have possession, custody, and control of records responsive to Plaintiff's requests.

## FACTUAL ALLEGATIONS

### I. Background

9.\. Plaintiff and its undersigned co-counsel represent more than 1,200 U.S. citizens who were killed or injured, or whose relatives were killed or injured, by the Shiite terrorist group Jaysh al-Mahdi in Iraq between 2005 and 2011. These victims of heinous terrorist attacks have asserted claims in this District against large medical-supply companies that helped finance Jaysh al-Mahdi's terrorist acts by (among other things) making corrupt payments to obtain contracts from the Jaysh al-Mahdi-controlled Ministry of Health ("Ministry"). *See* Second Am. Compl., *Atchley v. AstraZeneca UK Ltd.*, No. 17-cv-02136-RJL (D.D.C. Feb. 4, 2019), ECF No. 106.

10.\. The Department possesses records relevant to the claims of Plaintiff's clients. Specifically, the Department played a significant role in analyzing and combatting the flow of money and resources to the Iraqi insurgency. In that role, the Department established and/or participated in several interagency working groups – most prominently, the Iraq Threat Finance Cell and the Threat Finance Working Group (part of the biannual Global Synchronization Conference) – centered on interrupting terrorist financing in Iraq. Given the Department's importance to those working groups, it likely generated and maintained several records relevant to the ways in which Jaysh al-Mahdi raised money for terrorist operations. Such records are relevant to Plaintiff's clients' claims and should be produced.

11. The requested records also have broader public significance beyond the *Atchley* litigation. National media has reported on the *Atchley* plaintiffs – many of whom are Gold Star families and wounded military veterans, and all of whom made great sacrifices for our country – reflecting the public's interest in terrorist financing in Iraq.[1] Further reflecting the public importance of records related to these allegations, the Department of Justice (the "DOJ") is reportedly investigating the corrupt dealings alleged by the *Atchley* plaintiffs,[2] as several *Atchley* defendants have publicly acknowledged.[3] Production of the requested records would thus not only serve the interests of Plaintiff's clients; it would benefit the public interest.

## II. Plaintiff Submitted Two FOIA Requests For Department Records

12. In November 2018, Plaintiff properly submitted two separate FOIA requests for Department records via U.S. mail. As discussed more fully below, the requests reasonably describe the requested records and provide all information required by Department regulations to

---

[1] *See, e.g.*, Gardiner Harris, *Lawsuit Claims Three U.S. Companies Funded Terror in Iraq*, N.Y. Times (Oct. 17, 2017); Kyle Swenson, *Lawsuit: Big Pharma Funded Terrorism in Iraq with Payments to Corrupt Health Ministry*, Wash. Post (Oct. 19, 2017).

[2] *See, e.g.*, Gardiner Harris, *Justice Dept. Investigating Claims that Drug Companies Funded Terrorism in Iraq*, N.Y. Times (July 31, 2018).

[3] Three of the five named corporate-family defendants, AstraZeneca, Johnson & Johnson, and Pfizer, disclosed the DOJ investigation in their SEC filings. *See* AstraZeneca PLC, Report of Foreign Issuer (Form 6-K) at 58 (July 26, 2018) (stating that it "received an inquiry from the US Department of Justice in connection with an anti-corruption investigation relating to activities in Iraq, including interactions with the Iraqi government and certain of the same matters alleged in the [*Atchley*] Lawsuit"); Johnson & Johnson, Quarterly Report (Form 10-Q) at 40-41 (Aug. 2, 2018) ("Also, the company has received an inquiry from the United States Department of Justice regarding the matters set out in the [*Atchley*] complaint."); Pfizer Inc., Quarterly Report (Form 10-Q) at 44 (Aug. 9, 2018) (stating that, "[i]n July 2018, the U.S. Department of Justice requested documents related to [the *Atchley*] matter, which we will be providing"; and noting "government investigations related to contracts with the Iraqi Ministry of Health"). Another defendant, Roche, confirmed to the press that it "received an inquiry from and is cooperating with the Department of Justice on this matter." Angus Liu, *Roche, Johnson & Johnson Pulled into Justice Department Probe of Alleged Terrorist Bribes*, FiercePharma (Aug. 2, 2018), https://www.fiercepharma.com/pharma/roche-johnson-johnson-also-under-justice-department-probe-alleged-terrorist-bribes.

perfect the requests. *See* 31 C.F.R. §§ 1.2, 1.5 & Appendix A. The requests are summarized below and attached in full as Exhibits 1 and 2.

13. In December 2018, roughly a month after each request was submitted, the Department emailed acknowledgment letters assigning a tracking number to each request as detailed in the table below, indicating that each request had been received by the appropriate office within the Department. *See* 31 C.F.R. § 1.4(f). The acknowledgment letters confirmed receipt of each request; summarized the request; provided contact information for the FOIA Case Manager tasked to the request; assigned a tracking number; and represented that the Department had "initiated a search within Departmental Offices (DO), for records that would be responsive to your request." Neither letter identified any defects in Plaintiff's requests, nor did either request additional information. Accordingly, the requests triggered the Department's obligation to respond under the statute and its own regulations. *See* 31 C.F.R. §§ 1.3-1.4.

14. The relevant tracking numbers and dates for Plaintiff's two requests are set forth in the table below:

| Request Date | Tracking Number | Date of Acknowledgment |
|---|---|---|
| 11/7/2018 | 2018-11-106 | 12/3/2018 |
| 11/13/2018 | 2018-12-028 | 12/12/2018 |

15. As discussed in the following two paragraphs, each request reasonably described the records requested and, to the extent possible, specified subjects, documents, and corroborating information establishing the existence of the requested records. *See* 31 C.F.R. § 1.2(b). In providing extensive detail concerning the requested records, Plaintiff hoped to minimize any burden on the Department and streamline production of responsive documents.

16. *Request 2018-11-106* seeks records generated or maintained by the Iraq Threat Finance Cell, between July 1, 2005 and December 31, 2011, concerning the Iraqi Ministry of

Health, Jaysh al-Mahdi, or its leader Muqtada al-Sadr.  *See* Exhibit 1.  As explained in the request, the Iraq Threat Finance Cell was an interagency intelligence group – which the Department co-chaired – dedicated to tracking terrorist financing in Iraq.  Open-source documents and records produced by other agencies indicate that the Iraq Threat Finance Cell generated significant analysis of Jaysh al-Mahdi and its sources of revenue.  The Department, as the co-leader of that cell, likely maintains responsive records.

17. *Request 2018-12-028* seeks, from July 1, 2003 through December 31, 2011, records generated or maintained by the Threat Finance Working Group of The Global Synchronization Conference that concern the Iraqi Ministry of Health, Jaysh al-Mahdi, or its leader Muqtada al-Sadr.  *See* Exhibit 2.  As explained in the request, this Working Group formed part of a biannual interagency conference that also tracked terrorist finance in Iraq and elsewhere.  Open-source documents indicate that the conference, particularly this Working Group, generated significant analysis on Jaysh al-Mahdi and its revenue sources.  As a co-leader of the conference of which this Working Group was a part, the Department likely maintains responsive records.

18. Consistent with the detailed nature of the requests, the Department has never asserted that either of these requests failed reasonably to describe the records sought or was improper or deficient in any manner.  Nor has the Department ever requested any additional information from Plaintiff.  Instead, the Department has failed to respond substantively at all to either of Plaintiff's requests.

**III.   The Department Failed to Make Determinations within FOIA's Time Limits, and Plaintiff Has Constructively Exhausted Administrative Remedies**

19. By November 2018, each request had been properly submitted with the required information.  Both requests were "received" no later than December 12, 2018 – the date of the

Department's second acknowledgment letter.[4]  Under the ordinary operation of FOIA's statutory "twenty-day period to respond," 31 C.F.R. § 1.4(c), that would have made the Department's determination due no later than January 11, 2019 for the second request (and January 2, 2019 for the first).  *See also* 5 U.S.C. § 552(a)(6)(A)(i) (requiring a determination within 20 working days of receipt of a FOIA request).

20.   The Department's acknowledgment letters asserted that "unusual circumstances exist" such that "an additional processing extension of (10) days is required to process your request."  The boilerplate assertion of unusual circumstances was conclusory and did not adequately justify such an extension.  Regardless, assuming that a 10-day extension applied, that pushed the Department's deadline to January 28, 2019 for the second request (and January 16, 2019 for the first).

21.   As of the date of this Complaint, the Department has neither produced any documents nor made any determination on either of Plaintiff's pending requests.  In the intervening eight months, Plaintiff has made multiple efforts to contact Department personnel about the status of its requests but has received no meaningful response.  Indeed, a search for Plaintiff's requests in the Department's online portal indicates that "[n]o status has been re[t]urned for the requested code."  Despite several inquiries, therefore, Plaintiff has no idea when – or even if – the Department intends to respond to its pending requests.

22.   The Department's failure to comply with FOIA's deadline for making a determination constructively exhausts Plaintiff's administrative remedies and authorizes Plaintiff

---

[4] The Department has never identified the actual date that it "received" Plaintiff's requests, but that date likely occurred in mid-November – shortly after Plaintiff mailed the requests to the Department.  Plaintiff uses the acknowledgement-letter date as the receipt date for convenience here, because in any case the Department's determination deadline has long since expired.

to bring suit in this District to compel prompt production and to enjoin continued wrongful withholding of records responsive to Plaintiff's requests. *See* 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIMS FOR RELIEF

### Count I:  Failure to Comply with FOIA

23. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

24. Plaintiff properly made two requests for records within the possession, custody, and control of the Department.

25. The Department is an agency subject to FOIA.

26. The Department is required under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiff's FOIA requests.

27. The time limit under 5 U.S.C. § 552(a)(6) for the Department to conduct such a search and to make a determination as to each of Plaintiff's two FOIA requests has expired.

28. The Department has wrongfully failed to communicate to Plaintiff a determination as to each of Plaintiff's two FOIA requests.

29. Pursuant to 5 U.S.C. § 552(a)(3)(A), the Department was required to produce promptly all responsive records that are subject to disclosure under FOIA.

30. The Department has wrongfully failed to make such a production for either of Plaintiff's two FOIA requests.

31. Plaintiff has exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

32. The Court should therefore order the Department to promptly produce all responsive records, subject to withholdings agreed to by the parties or approved by the Court.

33. To facilitate determination of the validity of any withholdings based on FOIA exemptions the Department might ultimately assert, Plaintiff seeks an order compelling the Department to produce indexes justifying redactions to or withholding of responsive records.

## Count II: Declaration Precluding Assessment of Fees

34. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. The Department has failed to comply with time limits under 5 U.S.C. § 552(a)(6).

36. The Department provided written notice to Plaintiff of unusual circumstances, but even assuming such notice was timely, the Department has failed to comply with the extended time limit for making a determination.

37. The Department has not discussed or attempted to discuss with Plaintiff how or whether Plaintiff could limit the scope of any of Plaintiff's two FOIA requests.

38. No court has determined that exceptional circumstances exist.

39. Accordingly, Plaintiff is entitled to a declaration that the agency may not assess any search fees associated with any of Plaintiff's two FOIA requests, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

a. Order the Department to promptly conduct a reasonable search for all records responsive to Plaintiff's two FOIA requests, to the extent such a search has not already been conducted, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of responsive records;

b. Order the Department to produce within 20 days or such other time as the Court deems proper all records responsive to Plaintiff's two FOIA requests that are subject to disclosure under FOIA, as agreed to by the parties or determined by the Court, and indexes justifying any withholdings or redactions;

c. Declare that the Department failed to comply with the time limits under 5 U.S.C. § 552(a)(6) and that search fees therefore may not be assessed under 5 U.S.C. § 552(a)(4)(A)(viii) with respect to either of Plaintiff's two FOIA requests;

d. Award Plaintiff attorney's fees and costs incurred in relation to this case, pursuant to 5 U.S.C. § 552(a)(4)(E); and

e. Grant Plaintiff any other relief the Court deems just and proper.

Dated:  September 12, 2019 Respectfully submitted,

*/s/ Joshua D. Branson*

| | |
|---|---|
| Ryan R. Sparacino (D.C. Bar No. 493700) | Joshua D. Branson (D.C. Bar No. 981623) |
| SPARACINO PLLC | Andrew E. Goldsmith (D.C. Bar No. 1007074) |
| 1920 L Street, N.W., Suite 535 | Matthew M. Duffy (D.C. Bar No. 1031257) |
| Washington, D.C. 20036 | KELLOGG, HANSEN, TODD, |
| Tel:  (202) 629-3530 |  FIGEL & FREDERICK, P.L.L.C. |
| ryan.sparacino@sparacinopllc.com | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036 |
| | Tel:  (202) 326-7900 |
| | Fax:  (202) 326-7999 |
| | jbranson@kellogghansen.com |
| | agoldsmith@kellogghansen.com |
| | mduffy@kellogghansen.com |

*Counsel for Plaintiff*